# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

No. 97-50330
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GLEN GARNER SHIPLEY,

Defendant-Appellant.

---

Appeal from the United States District Court
For the Western District of Texas
(W-96-CA-119)

---

February 20, 1998

Before POLITZ, Chief Judge, JONES and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Glen Shipley appeals the district court's denial of his 28 U.S.C. § 2255

motion in which he contended that the factual basis for his guilty-plea conviction

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under 18 U.S.C. § 924(c)(1) for use of a firearm was insufficient in light of **Bailey v. United States**.[1]  His motions for a certificate of appealability and for leave to proceed *in forma pauperis* are DENIED as unnecessary.[2]

Shipley maintains that the district court erred in holding that he was procedurally barred from collaterally challenging his guilty-plea conviction and that the factual basis submitted by the government at his guilty-plea hearing was insufficient to establish that he used a firearm as defined by the Supreme Court in **Bailey**.

Since entry of the district court's order of dismissal, we have held that a section 2255 movant may raise a **Bailey** challenge to a guilty-plea conviction in a collateral proceeding.[3]  In light of these intervening decisions we must vacate the trial court's holding that it was limited in its review of Shipley's **Bailey** challenge to his guilty-plea conviction.  The trial court is to address the merits of Shipley's claim that the factual basis for his guilty plea was insufficient to support the plea.

Accordingly, the district court's order dismissing Shipley's section 2255

---

[1] 116 S.Ct. 501 (1995).

[2] The AEDPA which requires a COA in section 2255 proceedings is inapplicable because Shipley filed his petition before its effective date and the appellate filing fee has been paid.

[3] **United States v. Thompson**, 122 F.3d 304 (5th Cir. 1997); **United States v. Carter**, 117 F.3d 262 (5th Cir. 1997).

motion is VACATED and the case is REMANDED for further proceedings consistent with the teachings of **Bailey**, relevant decisions of this court, and this opinion.

VACATED and REMANDED.